IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 JUL -6  P 12: 10

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY
GB

-----------------------------------------------------------x

ANTHONY LEWIS                                    :
6205 Pilgrim Rd.                                 :   CIVIL ACTION NO.: _____
Baltimore, MD 21214,                             :
                                                 :   **CLASS ACTION COMPLAINT AND**
            and                                  :   **COLLECTIVE ACTION COMPLAINT**
                                                 :   **AND DEMAND FOR JURY TRIAL**
WILLIAM WEEKS                                    :
4108 Rokeby Rd                                   :
Baltimore, MD 21229,                             :   ELH 12 CV 2008
                                                 :
            and                                  :
                                                 :
GREGORY HALL                                     :
16 North Gorman Ave.                             :
Baltimore, MD 21223,                             :
                                                 :
            and                                  :
                                                 :
DARRELL LILLY                                    :
2513 Knobhill Rd.                                :
York, PA 17403,                                  :
                                                 :
            and                                  :
                                                 :
LOUIS PILSCH                                     :
1031 Elton Ave.                                  :
Baltimore, MD 21224,                             :
                                                 :
            and                                  :
                                                 :
LEONARD WARD                                     :
5310 Eastbury Ave. Apt K                         :
Baltimore, MD 21206,                             :
                                                 :
            and                                  :
                                                 :
MICHAEL WARD, JR.                                :
1353 Crofton Rd.                                 :
Baltimore, MD 21239,                             :
                                                 :
            and                                  :
                                                 :

GRATTEN BRANCH                          :
2620 Llewelyn Ave,                      :
Baltimore, MD 21213,                    :
                                        :
On behalf of themselves and             :
all others similarly situated,          :
                                        :
            *Plaintiffs*,               :
                                        :
        v.                              :
                                        :
THE BALTIMORE CONVENTION CENTER, :
an agency of MAYOR AND CITY COUNCIL     :
OF BALTIMORE                            :
1 West Pratt Street                     :
Baltimore, MD 21201                     :
                                        :
        and                             :
                                        :
Director PEGGY DAIDAKIS, individually   :
The Baltimore Convention Center         :
1 West Pratt Street                     :
Baltimore, MD 21201,                    :
                                        :
            *Defendants*.               :
-------------------------------------------------------x

## I. INTRODUCTION

Plaintiffs, Anthony Lewis (hereinafter "Plaintiff Lewis"), William Weeks (hereinafter

"Plaintiff Weeks"), Gregory Hall, Darrell Lilly, Louis Pilsch, Leonard Ward, Michael Ward, Jr.,

and Gratten Branch, and all similarly situated employees (collectively "Plaintiffs"), by and

through their undersigned attorney Scott A. Conwell, Esq. and Conwell Law LLC, hereby submit

this Complaint for their Collective Action and Class Action lawsuit against Defendants, the

Baltimore Convention Center and Director Peggy Daidakis (hereinafter, "Defendants"), for

unpaid wages, overtime wages and the unlawful compensation policies and practices constituting

willful, knowing, and intentional violations of the federal Fair Labor Standards Act, 29 U.S.C.

§§201, *et seq*. ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl.

§§3-401, *et seq*. ("MWHL"), the Maryland Wage Payment and Collection Law, Md. Code Ann.,

Lab. & Empl. §§3-501, *et seq*. ("MWPCL"), and for breach of employment contract, namely the

Baltimore Municipal Employees contract with the City of Baltimore, and in support thereof state

as follows:

## II. SUMMARY

As permitted by Section 216(b) of the FLSA and Federal Rule of Civil Procedure 23,

Plaintiffs bring this action on behalf of themselves and on behalf of all other similarly-situated

employees who are hourly employees working for Defendant, the Baltimore Convention Center,

and are members of the American Federation of State, County, and Municipal Employees AFL-

CIO, Council 67, Local 44 (hereinafter "Union").   Plaintiffs are members of the Union and

entitled to enforce the terms of the Negotiated employment contract with the City of Baltimore.

The terms of the Negotiated employment contract govern the terms of Plaintiffs' employment

with the Baltimore Convention Center.

The Fair Labor Standards Act sets a floor for the rights of employees.  Employees and

employers are at liberty to contract to increase those rights.  In this case, Plaintiffs and

Defendants formed a written and negotiated employment contract that granted Plaintiffs

additional rights, above the floor guaranteed by the FLSA.  Nevertheless, Defendants have

breached both the contractually promised rights of the Plaintiffs, and those rights guaranteed by

the FLSA.

This action is filed both as a collective action under the Federal FLSA and as a class

action under the parallel Maryland wage statutes. In this action, the Plaintiffs and the Class

members bring suit to recover unpaid wages and overtime.  Overtime compensation at the time

and a half rate is due for all hours any of the Plaintiffs worked over forty (40) in a workweek.  29

U.S.C. § 207(a)(1)(forty hours maximum hours worked in a work week unless overtime

compensation is received).  Unpaid wages are due for the actual hours the employees worked.

This includes all the time that the employees suffered or were permitted to work.  Md. Code

Ann., Lab. & Empl. § 3-401(d) ("wage" means all compensation that is due to an employee for

employment); 29 C.F.R. § 785.47 ("An employer may not arbitrarily fail to count as hours

worked any part, however small, of the employee's fixed or regular working time or practically

ascertainable period of time he is regularly required to spend on duties assigned to him.").

Plaintiffs and Class members regularly work in excess of forty hours per work-week, both as

defined by the Negotiated employment contract, as five (5) consecutive work-days, and as

defined by the FLSA.  THE CITY OF BALT. & THE AM. FED'N OF STATE, CNTY. AND

MUN. EMP., AFL-CIO, COUNCIL 67, MEMORANDUM OF UNDERSTANDING

("Negotiated employment contract") (July 1, 2008) Art.14 §B; 29 U.S.C. §207.  Defendants are

generally scheduled to work, and actually work, a schedule with shifting off-days.  As a result of

the shifting off-days, employees may work as many as nine (7) consecutive days.  Under the

terms of the Negotiated employment contract, an employee who has worked one extra day in the

work week entitles the employee to overtime compensation at the rate of time and one half, and

any additional consecutive work-day requires overtime payment at twice the regular hourly rate.

Negotiated employment contract Art.14 §G.   However, when Defendants submit time sheets to

the city payroll department, the timesheets submitted do not reflect the schedule actually worked

and take into account the number of consecutive days, instead failing to show days the employee

actually worked.  Therefore, on those extra consecutive days, each and every class member is

entitled to overtime pay, and receives only straight time pay.  Each and every class member is entitled to receive his or her withheld overtime wages.

Defendants also failed to compensate Plaintiffs for all time worked. At the minimum, under the FLSA, Plaintiffs are entitled to minimum wage compensation for all time worked. Defendant does not pay Plaintiffs for additional time worked over the posted schedule for time easily measured by virtue of the time-clock.  When Plaintiffs work additional time, such as when they begin work prior to, or leave work after, the time that was posted on the schedule, as a matter of policy, Defendants failed to compensate Plaintiffs for the actual time worked, and instead only compensated them for their pre-scheduled time.  All employees are entitled to at least minimum wage under the FLSA for this recorded and readily ascertainable time worked. *See* C.F.R. § 785.47 *supra*.  Moreover, this additional time should be paid at the overtime rate as the posted schedule for which Plaintiffs are compensated already accounts for forty (40) hours. The additional time, therefore, is all in excess of forty (40) hours per week and requires payment at the overtime rate.   The same wrongful wage policy also violates the Maryland wage statutes and the Negotiated employment agreement.

Finally, since the formation of the labor contract, Defendant requires Plaintiffs to punch a time clock four times a day: at the start of the day, at the start of the lunch break, at the end of the lunch break, and at the end of the day.  Should any class member fail to punch the time clock, he or she is subject to disciplinary action up to and including termination.  However, Plaintiffs are entitled to paid lunch breaks and Defendant does not submit for payment purposes the actual times punched on the time-sheets.  Moreover, the time-clock regularly malfunctions and fails to punch any time whatsoever.  Those most regularly suspended, such as Plaintiff Lewis, are vocal advocates on behalf of their employee rights.  Thus it is clear that an unnecessary procedure in

which the employer actually creates or fails to correct known flaws, is actually being implemented under pretextual purposes by Defendants for purposes of retribution against employee advocates and for purposes of serving as a warning to such employees.  Further, the procedure violates the Negotiated contract between Plaintiffs and Defendants because probable cause is required before any suspension or other adverse employment action is undertaken.

In withholding wages that were earned by its hard working employees, as well as suspending employees without cause, Defendant has received an enormous and unlawful financial benefit.  Thus Plaintiffs and Class members should receive the full amount of their actual damages and liquidated damages under the FLSA and Maryland law, as well as their expected wages under the Negotiated employment contract.  Plaintiff Weeks' combined actual damages and liquidated damages under the FLSA constitute $3,946.80, under Maryland law constitute $26,620.20, and for breach of contract constitute $8,873.40. Plaintiff Lewis' combined actual damages and liquidated damages under the FLSA constitute $5,742.92, under Maryland law constitute $27,046.38, and for breach of contract constitute $9,015.46.  The combined actual and liquidated damages for the Class members is estimated to be $402,004.40 under the FLSA, $1,893,246.60 under Maryland law, and $631,082.20 for breach of contract.[1]

## III. JURISDICTION AND VENUE

1.  This court has subject matter jurisdiction over Count 1 pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337 because this action arises under the laws of the United States.

2.  This Court has supplemental jurisdiction over all counts arising under state statutes and common law pursuant to 28 U.S.C. §1367(a) because all state law claims alleged herein arise

---

[1] See below for calculation of damages.

from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

3. This Court has personal jurisdiction over Defendants as a State entity of the State of Maryland and as a resident of the State of Maryland.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendant reside and/or have a principal place of business in the State of Maryland.

## IV. PARTIES

5. Plaintiff Weeks, residing at 4108 Rokeby Rd, Baltimore Maryland 21229, is employed as a full time Hourly Employee by Defendant the Baltimore Convention Center. Plaintiff was initially hired approximately September, 1977 and has been continuously employed since. At present, Plaintiff Weeks is paid $23.00 per hour.

6. Plaintiff Lewis, residing at 6205 Pilgrim Rd., Baltimore Maryland 21214, is employed as a full time Hourly Employee by Defendant the Baltimore Convention Center. Plaintiff was initially hired approximately November, 1997 and has been continuously employed since. At present, Plaintiff Lewis is paid $20.48 per hour.

7. Plaintiff Hall, residing at 16 North Gorman Ave., Baltimore, Maryland 21223, was employed as a full time Hourly Employee by Defendant the Baltimore Convention Center. Plaintiff was initially hired approximately December, 1990 and terminated approximately March 2012, at which time Plaintiff Hall was paid $22.00 an hour.

8. Plaintiff Lilly, residing at 2513 Knobhill Rd., York, Pennsylvania 17403, is employed as a full time Hourly Employee by Defendant the Baltimore Convention Center. Plaintiff was initially hired approximately January 1998 and has been continuously employed since. At present, Plaintiff Lilly is paid $20.00 per hour.

9.  Plaintiff Pilsch, residing at 1031 Elton Ave., Baltimore, Maryland 21224, was employed as a full time Hourly Employee by Defendant the Baltimore Convention Center.  Plaintiff was initially hired approximately January, 1997 and terminated approximately March 2012, at which time Plaintiff Pilsch was paid $22.00 per hour.

10. Plaintiff Ward, residing at 5310 Eastbury Ave., Apt. K, Baltimore, Maryland 21206, was employed as a full time Hourly Employee by Defendant the Baltimore Convention Center. Plaintiff was initially hired approximately November, 1979 and terminated approximately April, 2012.

11. Plaintiff Ward, Jr., residing at 1353 Crofton Rd., Baltimore, Maryland 21239, is employed as a full time Hourly Employee by Defendant the Baltimore Convention Center.  Plaintiff was initially hired approximately January, 2000 and has been continuously employed since. At present, Plaintiff Ward, Jr. is paid $20.00 per hour.

12. Plaintiff Branch, residing at 2620 Llewellyn Ave., Baltimore, Maryland 21213, was employed as a full time Hourly Employee by Defendant the Baltimore Convention Center. Plaintiff was initially hired approximately January, 1997 and terminated approximately March, 2012, at which time Plaintiff Branch was paid $20.00 per hour.

13. Defendant the Baltimore Convention Center is located at 1 West Pratt Street, Baltimore, MD 21201, service on Peggy Daidakis, Executive Director of the Baltimore Convention Center, pursuant to MD R RCP CIR CT Rule 2-124 (k).  The Baltimore Convention Center is a convention and exhibition hall that is municipally owned and operated by the City of Baltimore.  The Baltimore Convention Center and its employees are signatories to the labor contract between the City of Baltimore and the AFSCME union.  The Baltimore Convention Center is a constituent agency of the Mayor and City Council of Baltimore, formed under

Article 1, Subtitle 13 of the Baltimore City Code.  The Convention Complex Director and the Convention Center Manager are entrusted to manage and control the Baltimore Convention Center, its operation, and employees pursuant to Article 1, Sections 13-1(a) and 13-2 of the Baltimore City Code.

14. Peggy Daidakis, Director of the Baltimore Convention Center, is authorized to direct and execute labor relations ordinances and policies of the Mayor and City Council on behalf of the Baltimore Convention Center.  Director Daidakis, on behalf of the Mayor and City Council of Baltimore, is assigned the duties of assignment of work and work hours, employee discipline,  management of scheduling, implementation of wage and hour policies, interpretation and adherence to the Negotiated contract.

## V. CLASS AND COLLECTIVE ACTION

15. The class shall consist of employees who are "Union Members" and employed at the Baltimore Convention Center.[2]

16. Plaintiffs and the Class members routinely worked in excess of forty (40) hours per standard workweek.  All such excess time constitutes overtime under the FLSA and Maryland wage statutes.

17. Plaintiffs and Class members routinely worked in excess of five consecutive days under the Negotiated employment contract.  All such excess time constitutes overtime under the Negotiated employment agreement.

---

[2] Plaintiffs reserve the right to refine the description of the classes at the appropriate time following the Rule 23 and FLSA class procedures. *Weisman v. MCA, Inc.*, 45 F.R.D. 258 (D. Del. 1968); *See also Lawler v. Alexander*, 698 F.2d 439 (11th Cir. 1983); Newberg on Class Actions Standing and Mootness § 2:3 ("Some cases, while giving lip service to a supposed rule that in order to have a class action there must first be a class, are concerned primarily with ambiguities in pleading the class definition. When these occur, the court has full power under Rule 23 to resolve the ambiguity by redefining the class or affording the representative plaintiff an opportunity to do so."). The Class definition is intended in the Complaint for purposes of providing Notice under the collective and class action procedures, and for Defendants to provide sufficient information and documents to properly identify the prospective class members for conditional class certification.

18. Throughout the applicable time period, Defendant maintained a policy and practice of refusing to pay wages to Plaintiffs and Class members for all time worked through the procedures for submitting hours worked to the city payroll department.

19. Throughout the applicable time period, Defendant maintained a policy and practice, of refusing to pay overtime wages to Plaintiffs and Class members for all hours worked in excess of forty (40) hours per workweek.

20. Throughout the applicable time period, Defendant maintained a policy and practice, of refusing to pay overtime wages to Plaintiffs and Class members for all consecutive days worked after five consecutive days.

21. Defendant had an obligation to pay their employees in compliance with Federal and Maryland State law as well as was promised by the Negotiated employment contract between Plaintiffs' union and the City of Baltimore.

## VI. COLLECTIVE ACTION ALLEGATIONS

22. At all times, the duties and responsibilities of the jobs held by Plaintiffs were the same or substantially similar to the duties and responsibilities of the jobs held by the Union Members Class members.

23. At all times, the unlawful policies and practices of the Defendant caused and resulted in the Plaintiffs receiving similar treatment as the Class members.

24. At all times, the harms suffered by the Class members were the same or substantially similar to those suffered by Plaintiffs, in that Plaintiffs and Class members are and were subject to the unlawful compensation policies and practices as described in this Complaint.

25. Accordingly, all members of the proposed collective action are "similarly situated" within the meaning of 29 U.S.C. § 216(b), and are therefore entitled to proceed on a collective basis.

26. Annexed hereto as Exhibit (1) is written consent to the filing of this Complaint, duly

executed by the Plaintiffs pursuant to 29 U.S.C. §216(b).

## VII. CLASS ACTION ALLEGATIONS

25. This action is also brought as a class action on behalf of Class members and presents claims

brought under Maryland law that are properly maintainable as a class action pursuant to Fed.

R. Civ. P. 23(a) and (b)(3).

27. Although the size of the Union Member class is currently unknown to Plaintiffs, it is easily

ascertainable and known to Defendant.

28. Upon information and belief, the Union Member class exceeds seventy (70) employees.

29. The Class Members are so numerous that joinder of all members is impracticable.

30. The same allegations exist as with the collective action with respect to the respective class

members being similarly situated for purposes of resolving the claims in this complaint.

31. Plaintiffs' claims are typical of the claims of Class members because they are or were subject

to the same unlawful compensation and employment practices as well as breaches of contract

as described in this Complaint.

32. Plaintiffs are adequate representatives of the Class because they and Class members are or

were subject to, and damaged by, the same unlawful compensation and employment practices

as well as breaches of contract as described in this Complaint.

33. Plaintiffs and Class Members each challenge the legality of the policies and practices as

described in this Complaint. By advancing their own claims, Plaintiffs will necessarily

advance the claims of Class members.

34. Plaintiffs will have no conflict with any Class members and are willing to serve in this

representative role.

35. Plaintiffs have retained counsel competent and experienced in regards to class action litigation in this subject area and with sufficient resources to fully and adequately represent the Class.

36. Questions of fact and law common to all Class members will predominate over any question solely affecting individual Class members. Among common questions are:

    a.  Whether the unlawful policies and practices as well as breaches of contract set forth in this Complaint took place as alleged; and

    b.  Whether Plaintiffs and Class members are entitled to relief as requested in this Complaint.

37. Because Plaintiffs and Class members suffered the same harms and challenge the same unlawful compensation and employment policies and practices as well as breaches of contract described in this Complaint, a class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously and efficiently, without the duplication of effort and expense and the risk of inconsistent or varying adjudications presented by numerous individuals.

38. No difficulties are likely to be encountered in the management of this class action, and the identity of the Class should be readily available from Defendants' records.

## VIII. FACTUAL ALLEGATIONS

### A. FACTS COMMON TO ALL PLAINTIFFS

39. Plaintiffs are employees of defendant the Baltimore Convention Center in the capacity of hourly employees.

40. Plaintiffs are all members of the American Federation of State, County and Municipal Employees, ALF-CIO, Council 67 ("AFSCME").

41. The Baltimore Convention Center is owned and operated by the City of Baltimore.

42. There exists a contract between the City of Baltimore and the members of the AFSCME (herein "Negotiated employment contract").

43. The Negotiated employment contract guarantees employees, *inter alia*:

    a. Overtime pay of 1½ times the normal pay rate for time in excess of the regularly scheduled work day.

    b. A workweek of five (5) consecutive days and overtime pay for any consecutive days worked in excess of those five (5) days.

    c. A paid forty (40) minute lunch breaks

44. Defendant implements a schedule change after every pay period whereby the Plaintiffs' days off change every pay period.

45. As a result of this schedule change, Plaintiffs regularly work over five (5) consecutive days, which entitles Plaintiffs to payment at a contractually determined overtime rate.

46. Defendant requires Plaintiffs to punch in and out on a time-keeping device at the beginning and end of the workday and the beginning and end of lunch breaks.  This device records the time-punch down to the minute.

47. Plaintiffs sometimes begin work earlier than their posted scheduled time and/or end later than their posted scheduled time, as is accurately reflected by the recorded time of the punch when the clock is properly functioning.

48. Defendant submits a time-sheet to the city payroll department who is responsible for writing paychecks to Plaintiffs.

49. The time-sheets submitted to the city payroll department are inaccurate in that they do not reflect the aforementioned consecutive days or additional time worked, outside of the posted

schedule, by Plaintiffs.  Instead, the submitted time-sheets show only an exact eight (8) hour

workday and regular days off every five (5) consecutive work days.

50. As a result of the inaccurate time-sheet submitted for payments, Plaintiffs are denied the full

value of their hard work and labor both for easily and accurately recorded minutes of

individual days and extra full workdays as a result of the schedule shift.

51. Plaintiffs are not provided with the time-sheets as submitted to the city payroll department

instead only receiving copies when part of the aforementioned disciplinary proceedings for

failure to follow the time-card punching procedure.

52. At times, the time-clock fully malfunctions and does may not record any time whatsoever.

However, Plaintiffs are unable to review the accuracy of these punches by virtue of the

malfunction and the error can go unnoticed.  This problem has plagued Plaintiffs since the

formation of the labor agreement and subsequent implementation of the time-punching

procedure and, though frequent complaints are filed with regards to the time-clock,

Defendants have intentionally or negligently failed to resolve the problem.

53. Given that a schedule is regularly posted, and the Plaintiff's receive a paid lunch break, there

is no true purpose to the time-punching requirements other than to ensure that Plaintiff's

receive their contractually required lunch break. Therefore, failure to punch should result in

no further harm to any individual plaintiff than waiver of any claims for missed lunch period

during that day.

54. Instead, disciplinary action for missed punches results in suspension without pay and even

termination.  Therefore, when the time clock malfunctions, through no fault of Plaintiffs',

they could be subject to disciplinary action and loss of pay, even though the time clock is

constantly under video recording and it can be seen that Plaintiffs have attempted to follow the required, though superfluous and unnecessary, procedure.

55. The requirement for time-punching at the start and end of the day, in conjunction with a malfunctioning time-clock, can be for no other purpose than to provide cause for disciplinary actions against specific Class members whom Defendant wishes to discipline for underlying and objectionable reasons.

**B. Facts Pertaining to William Weeks**

56. For the two-week time period beginning September 22, 2011, Plaintiff Weeks obtained a print-out of both his daily time punches and the times as submitted to the city payroll department.

57. On Thursday September 22, 2011, the time-stamp for Plaintiff Weeks shows that Plaintiff Weeks' day began at 6:56 A.M. and that Plaintiff Weeks left for the day at 3:08 P.M., a workday of 8 hours, 11 minutes.

58. The time-sheet as submitted to the city payroll department shows that on Thursday, September 22, 2011 Plaintiff Weeks worked from 7:00 a.m. to 3:00 p.m., an even eight (8) hours, thus denying Plaintiff Weeks his pay for those easily ascertainable eleven (11) minutes.

59. Similar inaccurate time reporting over the two-week period from Thursday, September 22, 2011 to Wednesday, October 5, 2011 resulted in shortening Plaintiff Weeks' pay, at the over-time rate,[3] by forty-four (44) minutes, or $25.30, a microcosm of the total back-pay that is further owed Plaintiff Weeks for the past three (3) years, which is estimated to be $1,973.40.[4]

---

[3] Because the schedule for all plaintiffs is for a forty (40) hour workweek, any additional time entitles the plaintiff to overtime wages, as per the FLSA, Maryland statutes, and the Negotiated employment contract.
[4] $25.30 per pay period x 26 pay periods per year x 3 years = $1,973.40.

60. From the pay period beginning January 26, 2012 and ending February 8, 2012 to the pay period beginning February 9, 2012 and ending February 22, 2012, Plaintiff Weeks' had worked a sixth straight working day.

61. For the hours worked on February 12, 2012 Plaintiff Weeks was entitled to payment at the overtime rate as per the Negotiated employment contract, but only received payment for straight time due to Defendant's unlawful compensation policies.

62. As a result, for the February 12, 2012 pay period, Plaintiff Weeks is entitled to his expected earnings: $92, which is estimated to be $6,900[5] for similar schedule changes over the past three (3) years.

## C. Facts Pertaining to Anthony Lewis

63. For the two-week time period beginning February 9, 2012, Plaintiff Lewis obtained a print-out of both his daily time punches and the times as submitted to the city payroll department

64. On Thursday February 9, 2012, the time-stamp for Plaintiff Lewis shows that Plaintiff Lewis' day began at 2:50 pm and that Plaintiff Lewis left for the day at 11:01 pm a workday of 8 hours, 11 minutes

65. The time-sheet, as submitted to the city payroll department, shows that on Thursday, February 9, 2012 Plaintiff Lewis worked from 3:00 pm to 11:00 pm, an even eight (8) hours, thus denying Plaintiff Lewis his pay for those easily ascertainable eleven (11) minutes.

66. Similar inaccurate time reporting over the two-week period from Thursday, February 9, 2012 to Wednesday, February 22, 2012 resulted in shortening Plaintiff Lewis' pay, at the over-time rate, by seventy-two (72) minutes, or $36.81, a microcosm of the total back-pay that is further owed Plaintiff Lewis for the past three (3) years, which is estimated to be $2,871.46.[6]

---

[5] $92 x 25 times per year x 3 years.
[6] $36.81 per pay period x 26 pay periods per year x 3 years = $2,871.46.

67. From the pay period beginning January 26, 2012 and ending February 8, 2012 to the pay period beginning February 9, 2012 and ending February 22, 2012, Plaintiff Lewis' had worked a sixth straight day.

68. For the hours worked on February 12, 2012 Plaintiff Lewis was entitled to payment at the overtime rate as per the Negotiated employment contract, but only received payment for straight time due to Defendant's unlawful compensation policies.

69. As a result, for February 12, 2012, Plaintiff Lewis is entitled to his expected earnings: $81.92,[7] which is estimated to be $6,144[8] for similar schedule changes over the past three (3) years.

## IX. COUNT I--FAIR LABOR STANDARDS ACT VIOLATION

70. Plaintiffs and Class Members re-allege and incorporate by reference each and every allegation set forth in the following and/or preceding paragraphs.

71. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, as amended, and have been entitled to the rights, protections and benefits provided under the FLSA.

72. At all times relevant to this action, plaintiffs worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207. Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiffs an overtime compensation rate of at least 1.5 times their regular rate of pay for all time worked in excess of forty (40) hours per week.

73. As per 29 C.F.R. § 785.47, "[a]n employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him."

---

[8] $81.92 x 25 times per year x 3 years.

74. By virtue of Defendant's time-keeping system, all time worked by Plaintiffs' is easily ascertainable to Defendant and Defendant nevertheless arbitrarily failed to count such hours.

75. Defendants' wrongful acts and omissions as alleged herein were willful, knowing, unreasonable, purposeful, and intentional.

76. Full employment records for Plaintiffs are in possession and control of Defendants, and Plaintiffs are unable to state an exact amount due, but extrapolating from the data provided from Plaintiffs Weeks and Lewis, can amount to a combined actual and liquidated damages of $402,004.40[9] for all class members.

## X. COUNT II--MARYLAND WAGE AND HOUR LAW VIOLATION

77. Plaintiffs and Class Members re-allege and incorporate by reference each and every allegation set forth in the following and/or preceding paragraphs.

78. Defendants violated § 3-415 of the MWHL in that they failed to pay Plaintiffs minimum wages for all time worked and failed pay at the required overtime rate for all time worked in excess of forty (40) hours per week by virtue of the aforementioned unreported schedule change and the dishonest time-reporting policy.

## XI. COUNT III--MARYLAND WAGE PAYMENT AND COLLECTION LAW VIOLATION

79. Plaintiffs and Class Members re-allege and incorporate by reference each and every allegation set forth in the following and/or preceding paragraphs.

80. Defendants failed and refused to pay Plaintiffs wages and remuneration due as promised[10] by the Negotiated employment contract..

---

[9] $2,871.46 x 2 (liquidated damages for Plaintiff Lewis) x 70 (potential number of class members).

[10] In order to state a claim under MWPCL, the Fourth Circuit has held that "the employee must have been promised a particular form of compensation as remuneration for his labor." *Varghese v. Honeywell Int'l, Inc.*, 424 F.3d 411, 418 (4th Cir. 2005); *see* RESTATEMENT (SECOND) OF CONTRACTS § 1 (1981) ("A contract *is a promise*") (emphasis added).

81. Full employment records for Plaintiffs are in possession and control of Defendants, and

Plaintiffs are unable to state an exact amount due, but extrapolating from the data provided

from Plaintiffs Weeks and Lewis, can amount to a combined actual and liquidated damages

of $1,893,246.60[11] for all class members.

## XII. COUNT IV--BREACH OF CONTRACT

**A. Failure to pay wages due:**

82. Plaintiffs re-allege and incorporate by reference the allegations set forth in the paragraphs

above.

83. Defendant, through the city of Baltimore, and Plaintiffs, through the AFSCME, entered into

an employment contract, by which Defendant promised Plaintiffs certain rates of pay in

return for their employment.

84. Defendant breached the labor contract by failing to pay Plaintiffs the promised rates of pay

for work performed in the manner of overtime wages for consecutive days worked and

overtime owed for all hours worked.

85. Each plaintiff has suffered economic damages as a result of Defendant's breach of the

Negotiated employment contract.

86. Full employment records for Plaintiffs are in possession and control of Defendants, and

Plaintiffs are unable to state an exact amount due, but based on the Plaintiffs' damages,

estimate damages of $631,082.20[12] for all class members.

**B. Failure to follow proper disciplinary protocols:**

87. The labor contract does not allow unpaid suspension without probable cause.  THE CITY OF

BALT. & THE AM. FED'N OF STATE, CNTY. AND MUN. EMP., AFL-CIO, COUNCIL

67, MEMORANDUM OF UNDERSTANDING Art.3 §C (2008).

---

[11] $9,015.46 x 2 (total damages for  Plaintiff Lewis) x 70 (potential number of class members).
[12] $9,015.46 (damages for  Plaintiff Lewis) x 70 (potential number of class members).

88. Suspension of Plaintiffs for failure to time-punch is done without probable cause because the procedure is unnecessary and superfluous, the procedure is implemented for nefarious purposes, the video surveillance shows attempted compliance, and the procedure is made impracticable by Defendant's failure to keep the clock in working order.

89. These improper suspensions amount to untold numbers of suspensions of Plaintiffs without pay which violates the labor contract and entitles Plaintiffs to expectation damages for each and every unpaid suspension coming from alleged punch-clock violations in the form of their expected hourly pay for those suspended days.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an order against Defendant on Counts I through IV:

A. Declare the Defendants' policies to be in continuous and ongoing violation of the Fair Labor Standards Act, the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law and to be in breach of the Negotiated employment contract.

B. Grant prospective relief by enjoining aforesaid unlawful and contractually violative policies.

C. Determine the damages sustained by the Plaintiffs and the Class members as a result of Defendant's willful and intentional violations of 29 U.S.C. §207(a), and award such back pay and unpaid overtime wages against Defendant in favor of Plaintiffs and all members of the Class, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), plus such pre-judgment interest as may be allowed by law;

D. Determine the damages sustained by Plaintiffs and Class members as a result of Defendant's willful and intentional violations Maryland law, and award all appropriate damages resulting therefrom to Plaintiffs and the members of the Class, including treble damages;

E.  Determine that this action may be maintained as a class action under Federal Rule of Civil Procedure 23, that plaintiffs are proper class representatives and that the best practicable notice of this action be given to the members of the class represented by plaintiffs;

F.  Determine that Plaintiffs and other members of the class can recover the general and special compensatory damages determined to have been sustained by each of them respectively, including, but not limited to, breach of contract and that judgment therefore be entered herein against defendants in an amount to be determined;

G.  Grant judgment in favor of Plaintiffs against Defendants for breach of contract and award Plaintiffs their unpaid but expected promised wages as well as their expected wages for days during which they were suspended without pay;

H.  Award Plaintiffs and the members of the Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, accountants' fees, expert and investigators' fees, experts' fees, and other associated fees and costs; and

I.  Grant Plaintiffs and the members of the Class such other and further relief as this Court may deem just and proper.


PLAINTIFFS AND CLASS MEMBERS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,


_/s/Scott A. Conwell_
Scott A. Conwell (Bar No. 15008)
CONWELL LAW LLC
2411 Crofton Lane, Suite 2A
Crofton, MD 21114
Phone: (410) 451-2707
Fax:   (410) 451-2706
Email: scott@conwellusa.com


_/s/Susan C. Trimble_
Susan C. Trimble (Bar No. 28057)
The Law Office of Susan C. Trimble, LLC
1474 Woodall St.
Baltimore, MD 21230
Phone (443) 708-0061
Fax (206) 888-4SUE
Email: Trimblelaw@comcast.net


*Counsel for Plaintiffs*